## JURISDICTION, VENUE and LIMITATIONS

1. Jurisdiction is based on diversity of citizenship and federal question 28 U.S.C. 1332.
The amount in controversary is in excess of Seventy Five Thousand Dollars
($75,000), exclusive of interest and costs. The Defendants INTECONTINENTAL
HOTELS CORP., WWTE/TRAVELSCAPE/EXPEDIA regularly do business within
the District. The contractual jurisdiction, initial reports of the crimes, acts, crimes and
omissions were done in Massachusetts. Therefore, venue is permissable in this
District pursuant to 28 U.S.C. 1391. Because of the national significance of the matters
at issue in this case, Plaintiffs believe that the determination of this case involves
issues of unique Federal and State interest, and raises questions of law "arising under
the Constitution, laws or treaties of the United States." 28 U.S. C. 1391

2. Because this case involves various Plaintiffs and various Defendants, Federal questions
of law, and issues that should be resolved at one forum, it is properly before this Court.
Plaintiffs respectfully ask this Court to exercise its discretion to bring all known causes
of action to one forum - this Court, in the interest of judicial economy, justice and
fairness to the parties. Citing Federal Rule 19 Chapter 4 ( c ) - U.S.C. Title 42 Chapter
21 Subchapter 1 - U.S.C. Title 28 Part 4 Chapter 85 ( b ) - MGL C260 Section 32 and
MGL C223A Section 3- MGL Chapter 265 Section 37.

2

## PARTIES

3. Plaintiff, Eileen Gauthier at all times relevant hereto, a resident of Worcester County, Massachusetts. At all times relevant hereto, Brian Gauthier, Plaintiffs spouse Brian Brian Gauthier has resided and now resides with his wife in Worcester County, Massachusetts.

4. Defendant, the United States of America, is a governmental entity who is properly before this Court. Time has run from the filing of the Federal Tort Claim for the filing of this suit.

5. Intercontinental Hotels Corp. is a Georgia corporation with its principal place of business located at Three Ravinia Drive, Suite 100 Atlanta Georgia, 30346. Inter-continental Hotels Corp. is filed in the Commonwealth of Massachusetts Divisions of the Office of Secretary of the Commonwealth of Massachusetts as a foreign corporation, principal address listed as 200 Park Ave. Pan Am Bldg. New York, N.Y. 10017. Intercontinental Hotels Corp. is a seller of the Holiday Inn (hotel) brand.

6. Defendant World Wide Travel Exchange d/b/a Travelscape d/b/a Expedia is a seller of international and national travel. Its principal place of business is located at 333 108th Ave. NE Bellevue, Washington 98004. Under governing persons "Expedia, Inc. is filed in the Commonwealth of Massachusetts Divisions of the Office of Secre-tary of the Commonwealth as a foreign corporation with its principal office as 333-108th Ave. NE Bellevue, Washington 98004.

3

7. Defendant PCL Construction Services, Inc. is a commercial construction corporation with six main offices in the U.S.A. including Orlando. Their offices and subsidiaries consist of thirteen in the U.S.A., twelve in Canada and one in the Bahamas. PCL Construction Services, Inc. principal place of business is 2000 S. Colorado Blvd. Ste. 400 Denver, Colorado 80222. The entire PCL family is 100% employee owned.

8. The several Doe Rapists and or accomplices are individuals who, on information and belief, were PCL Construction Services, Inc. employees and/or subsidiaries, subcontractors employed by/under PCL Construction Services, Inc. who was the general contractor on the job in this complaint. All parties rapists, accomplices, subsidiaries or unknown parties defendants are listed as Does 1-10.

## STATEMENT OF FACTS

9 On January 17, 2005 Plaintiff Eileen Gauthier purchased a vacation package for herself and her husband Brian Gauthier, this vacation package was bought via the internet from the Plaintiffs home in Worcester Cty. Massachusetts. The vacation package included a hotel stay at the Holiday Inn Sunspree located on Paradise Island, Bahamas at a cost of $2,945.70, a copy of the vacation package contract is attached to this Complaint as Exhibit 1.

10 Prior to the Plaintiffs purchase on January 17, 2005 but unknown to the Plaintiffs PCL Construction Services, Inc. of Orange Cty. Florida was hired to do a $475 million +/- dollars building expansion on Paradise Island, Bahamas for Kerzner International Resorts, Inc. A copy of the job announcement is attached to this

4

Complaint as Exhibit 2.

11. Plaintiffs Brian and Eileen Gauthier arrived at the Holiday Inn Sunspree Paradise
    Island Bahamas on February 5, 2005.

12. Plaintiff, Eileen Gauthier on February 6 and 7, 2005 was sexually assaulted by
    force with a deadly weapon inside the Holiday Inn Sunspree Paradise Island
    Bahamas by a construction worker that had been housed inside the hotel for this
    construction job stated in the above # 12 and 13.

13. Plaintiff Brian Gauthier in the early morning hours of February 7, 2005 was found
    by a hotel employee unable to move on his own on the floor of the hotel hallway.

14. The hotel employee checked the hotel register as he left Brian Gauthier laying on
    the floor.

15. The hotel employee then returned and assisted Plaintiff, Brian Gauthier into the
    room assigned to the Gauthier by the hotel.

16. The hotel employee was told that Plaintiff, Eileen Gauthier was missing and the
    employee checked the room for her, then left the Plaintiff Brian Gauthier alone and
    unattended.

17. Plaintiff Eileen Gauthier on February 7, 2005 escaped from the hotel room she was
    sexually assaulted in that had two men in it at the time of escape and returned to her
    hotel room to find her husband, Brian Gauthier still unable to physically move and ill.

5

18. Plaintiffs remained in their hotel room on February 7, 2005 in shock and or unable
   to perform physically. In the evening hours the Plaintiffs first attempt at leaving
   their room were confronted by a third construction worker living at the hotel. The
   Plaintiffs then left the downstairs area and returned to their assigned room, Eileen
   Gauthier being placed into more fear for her life.

19. On February 8, 2005 the Plaintiffs second attempt at leaving their hotel room was to
   view for the first time thousands +/- of construction workers in the immediate area of
   the hotel, placing Plaintiff Eileen Gauthier into more fear for her life.

20. At other times during the stay at the Holiday Inn Sunspree Paradise Island Bahamas
   the Plaintiffs were confronted with workers watching them, placing more fear upon
   Eileen Gauthier.

21. On February 14, 2005 Plaintiff Eileen Gauthier early in the morning telephones her
   physicians office in the morning hours and reported being sexually assaulted in the
   hotel during her stay in the Bahamas. Plaintiff Eileen Gauthier as directed went to a
   Worcester Cty. Massachusetts hospital with evidence saved from February 7, 2005.
   The hospital then reported the sexual assault to police chief Officer LeGare of
   Petersham, Massachusetts and gave Officer LeGare took the report and the evidence.

22. On February 15, 2005 Plaintiff Eileen Gauthier contacted by email the Royal
   Bahamas Police Force (RBPF) and also the United States Embassy both located in
   Nassau Bahamas. The Head of American Services Michael Honigstein replied
   back to Plaintiff Eileen Gauthier that he would take the report and contact the RBPF

6

A copy of this email is attached as Exhibit 3.

23. Plaintiff Eileen Gauthier wrote to Mr. Michael Honigstein of the Nassau US Embassy that the construction men involved in the crimes were living at the Holiday Inn Sunspree on Paradise Island Bahamas, that they worked construction on the Atlantis Resort Paradise Island Bahamas worksite, what crimes were committed and what the men looked like.

24. Plaintiff Eileen Gauthier later sent the US Embassy photographs with these same construction men listed in the above 23. Police Chief LeGare of Worccester Cty. Massachusetts sent the evidence as requested by the US Embassy Nassau, Bahamas to the US Embassy Nassau Bahamas in February of 2005.

25. Plaintiff Eileen Gauthier continued contact with the US Embassy Nasssau Bahamas about her case on a regular basis until August of 2006. Plaintiffs Eileen and Brian Gauthier early on in the investigation offered to return to the Bahamas to aid in the case if protection was provided as construction at the Atlantis resort and surrounding areas was still going on. Plaintiffs were not offered protection by the US Embassy nor the RBPF in order to return to aid in the investigation.

26. Plaintiffs Eileen and Brian Gauthier under duress returned to the Bahamas at the end of July 2006 after patiently waiting for information as to the investigation of the crimes reported above. Plaintiff Eileen Gauthier contacted numerous legal, political, counseling positioned persons in the Commonwealth of Massachusetts and the Bahamas prior to returning in July 2006 in order to receive some protections as she was still in fear without those in place and construction at the Atlantis resort

7

was still going on at this time.

27. At the end of July 2006 and the beginning of August 2006 Plaintiffs spent two days
    with the US Embassy, RBPF, Ministry of Tourism and other persons in Nassau
    Bahamas and on Paradise Island Bahamas at meetings, at the hotel, at the hospital
    in Nassau Bahamas (to withdraw blood from the Plaintiffs for DNA forensic testing)
    in order to move the investigation and also a police sketch artist from the RBPF.

28. Plaintiffs Eileen Brian Gauthier were told by the RBPF and the US Embassy
    personnel that the Bahamas Government Immigration Dept. had not done immigra-
    tion procedures brought into the country to work on this project. That the Holiday
    Inn Sunspree Paradise Island had not registered the construction workers that were
    housed there for the Atlantis Resort job into the hotel as other guests had to immedia-
    tely do as soon as they arrived to this hotel. That the reason the men were not found
    after the report came in was due to those reasons and the fact that it "took too long
    for the report to get to the RBPF"

29. Plaintiffs Eileen, Brian Gauthier and US Embassy consul Catherine Mc Sherry were
    told at this time that DNA forensic testing had never been done by the RBPF at a
    meeting inside the Detectives Unit in Nassau Bahamas on Plaintiffs return trip in
    2006. All parties as listed in this previous statement were also told that the RBPF
    had gone to the Holiday Inn Sunspree on Paradise Island Bahamas previously and

8

questioned the hotel management about the construction men along with the photo graphs and were told that no-one at the Holiday Inn Sunspree PI Bahamas knew of any of these construction workers, listed in the statements above. The RBPF also stated that they had contacted PCL Construction Services Inc and or subsidiaries t that were still on Paradise Island Bahamas about the crimes and that the RBPF was only given a list of mens names and the country they were brought in from to work on the Atlantis resort job as listed in the above statements. That there were no photograph identifications available for the Plaintiffs to view to identify the men they had reported to the crimes.

30. On August 2, 2005 as Plaintiffs were outside ready to board the shuttle at their hotel in Nassau Bahamas to leave the Bahamas the RBPF detectives arrived and handed the Plaintiffs an envelope. Plaintiffs then left for the Nassau Bahamas airport to return to Massachusetts.

31. Michael Honigstein US Embassy Nassau left the Bahamas during this time.

32. US Embassy officials knew that there were/are on DNA crime forensic testing being done in the Bahamas, it is sent to the USA.

33. Paula Wikle US Embassy assumed Plaintiffs case in 2006.

34. Mr. A. Zaiback US Embassy assumed Plaintiffs case in 2006 then leaving and Catherine Mc Sherry consul assumed Plaintiffs case in 2006.

9

35. Plaintiff Eileen Gauthier was given by the RBPF a police report that stated the
    sexual assault was not reported to the RBPF for a month after the US Embassy
    had been given the report. Plaintiff Eileen Gauthier then contacted Chief of
    Police LeGare of Worcester Cty., Massachusetts to obtain a report from him
    as none had been given to her prior to her return to the Bahamas. Upon inspec-
    of Chief of Police LeGares report Plaintiffs Eileen and Brian Gauthier confirmed
    the exact same date listed by the RBPF as to when the crimes were reported by
    officials involved - the US Embassy in Nassau Bahamas and the Petersham
    Police Department in Worcester Cty. Massachusetts were the two official US
    and or State affiliated departments that knew of the crimes and waited one month
    later to get this report to the RBPF. A copy of the reports are attached as
    Exhibits 4 and 5. (RBPF report #4, Petersham police report #5).

36. Plaintiffs Eileen and Brian Gauthier have never been informed of any attempts by
    their local police of any contact with the RBPF up to the date of this filing in
    Massachusetts District Court. Plaintiffs Eileen and Brian Gauthier have consistently
    asked for help with the criminal case needs to many Massachusetts officials over
    many years of time. Plaintiff Eileen Gauthier has stated to three countries polices
    that one construction man involved has shown up to two different places after the
    crimes done in the Bahamas to intimidate her further and had access to her private
    information during the crimes.

10

Plaintiff Eileen Gauthier has been placed into more fear after leaving the Bahamas.

37. Plaintiff Eileen Gauthier contacted officials in this state and at the US State Dept in
Washington D.C. to inform them about the length of time that the US Embassy in
Nassau Bahamas took to report violent crimes and that DNA testing was stated by
the same Embassy as being done to her and the results given as negative when
those same exact tests were never even performed - this being done in internet
emails sent to the Plaintiffs home in Worcester Cty. Massachusetts, along
with statements that the Plaintiffs case was to be closed due to the fact the RBPF
could not find the construction workers involved with the crimes due to the length
of time it took and that DNA forensic testing was done and it was negative. Plaintiff
Eileen and Brian Gauthier have not been contacted by the US State Dept about their
case since the date of this telephone call.

38. Plaintiff Eileen Gauthier in July 2008 filed a FTC Claim with the US State Dept as to
the damages they created to her emotional well being from these internet emails sent
to her to her home in Worcester Cty. Massachusetts by numerous US Embassy
Nassau Bahamas personnel. Plaintiff Eileen Gauthier has suffered extreme emotional
distresses due to these emails sent to Massachusetts that contained false information
and or ommissions on her criminal case subjecting her to further unsafety by one of
the same construction workers that hurt her in the Bahamas. Plaintiff Eileen Gauthier
trusted and relied on US officials here in Massachusetts and in the Bahamas to aid
her in her times of need and as a crime victim. That the US Embassy stated directly

11

in the attached Exhibit 3 that the would report the crimes to the RBPF for her.

39. US State Dept has been contacted by numerous political persons within the US Govt. including the White House to aid the Plaintiffs during the time this FTC Claim was being decided and were told that they would not discuss any part of the Plaintiffs case so they would receive aid until the time a final decision was made on the claim which was sent to the Plaintiff in December of 2009. The Plaintiffs during this time were placed under emotional distresses and left without aids and or protections for over an approximate +/- time of 1.5 years that it took the US State Dept to make their final decision on the claim stated above. The Plaintiffs had to travel to Canada to attempt to find help during this emotional distress and to Orlando Florida, and Plaintiff Eileen Gauthier has lived in fear and could obtain a stay away order during this time to aid her in healing needs as to her home in Massachusetts and the Plaintiffs previous yearly vacation travels in Canada to where they have family and friends.

40. Plaintiff Eileen Gauthier purchased the above listed vacation package on January 17, 2005 while on the www.bahamas.com website that is marketed in television commercials in Massachusetts prior to her purchase and still to this day. The www.bahamas.com website is owned by the Ministry of Tourism of the Govt of the Bahamas, the same govt as stated above that decided to not do immigration procedures on thousands +/- of construction workers brought into their country for the above stated Atlantis Resort Job. Then the Ministry of Tourism Bahamas stated to a Judge that they did not sell the vacation package to the Plaintiffs, that

12

40. World Wide Travel Exchange had done so. The Plaintiff Eileen Gauthier had not even received her credit card statement with the charges for this vacation package until she arrived back home after the crimes had been committed.

41. The Atlantis Resort Paradise Island Bahamas had construction going on for many years prior to the Plaintiffs purchase and other crimes had been reported through the years of up to seven plus or minus years. The Plaintiffs were never warned prior at the time of purchase and or at the time of registering into the hotel, at no time were the Plaintiffs told of the construction being done on the small island prior to the crimes by any seller of travel, hotel, or marketer involved in the above numbers 1-40.

42. Plaintiffs Eileen and Brian Gauthier later learned that a "rape security alert" had been announced publicly due to a publicly known rape of another woman on Paradise Island Bahamas prior to the Plaintiffs sale and or arrival by the Bahamas govt owned Ministry of Tourism Dept that were also involved in the sale and or marketing of the same hotels vacation packages. A copy of this is attached as Exhibit   &#x212F;   .

43. The Holiday Inn Sunspree Paradise Island Bahamas hotel was sold in 2006.

44. All guests at check in were to register and show prove of passage to return home.

45. Plaintiffs Eileen and Brian Gauthier at other times during their stay at the Holiday Inn Sunspree Paradise Island Bahamas were confronted with workers watching them placing more fear upon Eileen Gauthier.

13

46. Defendants conducts created a foreseeable zone of risk, Defendants owed a duty to
    lessen the risk, to see that sufficient precautions are taken to protect others from
    the harm that the risk poses, breaching the contract.

47. As direct and proximate result, Plaintiffs have damages in excess of $75,001.00
    and will accrue future damages.

## COUNT ONE ASSUMPTION OF DUTY

48. Plaintiffs Brian and Eileen Gauthier realleges and restates the foregoing jurisdictional
    allegations and general factual allegations.

49. Defendants undertook gratuitously for consideration to render services to another in
    circumstances a reasonable person would recognize as necessary for protection of the
    other person. Defendants did not register the construction workers as individuals in
    to the hotel, but in blocks of rooms; construction workers at anytime could change
    rooms with another worker at any of the living or housing provided by Kerzner
    Intl  to which aided in accessibility of crimes. The hotel also aided in this as they
    knew that construction workers were coming and going from their hotel, were not
    from the Bahamas and a continuous flow changing of workers in and out of the same
    hotel as needed by portions of jobs being done at the Atlantis Resort.

50. All guests at check in were to register and show proof of passage to return home.

51. Plaintiffs Eileen and Brian Gauthier suffered physical and emotional harms resulting
    from Defendants failure to exercise reasonable care to perform the services of
    providing a secure environment, the Plaintiffs have a right to be free from violence.

14

52. Defendants failure to exercise reasonable and justifiable reliance on Defendants undertaking to render or provide services and or truths.

53. WHEREFORE, PLAINTIFFS EILEEN and BRIAN GAUTHIER demands judgement for $2,945.70 against Defendants, together with such other and further relief as the Court may deem reasonable and just.

COUNT II INTENTIONAL AND NEGLIGENT EMOTIONAL DISTRESS

54. Plaintiffs, Eileen and Brian Gauthier realleges and restates the foregoing juris-dictional allegations and general factual allegations.

55. The Defendants acts were performed intentionally or with reckless disregard.

56. The Defendants knew or should have known that the acts would have foreseeabley cause Plaintiff Eileen Gauthier severe emotional distress as to the amounts of construction workers in the small area of land and to the free access of construction workers had to other living housing. Plaintiff Eileen Gauthier was in fear at all times from February 6, 2005 and onward while in the Bahamas.

57. The conduct was outrageous, uncivilized, intolerable, atrocious and ridiculous.

58. Plaintiff Eileen Gauthier suffered severe emotional distresses and suffers from Post Traumatic Stress Disorder by experiencing threatening serious injury, intense fear, helplessness and horror, suffers from recurring and intrusive distressing recollections of the assault, action and feeling as if the traumatic even were recurring, intense psychological distress at exposure to internal and external cues that resemble

15

an aspect of the traumatic events that occurred inside the Holiday Inn Sunspree and

outside, and physiological reactivity on exposure to this; suffers from avoidance of

activities to avoid places or people that arouse recollections of the trauma; suffers

from feelings of detachment from others; is unable to have loving feelings; senses

a foreshortened future; is and has a diminished interest and participations in signifi-

cant and prior activities, suffers past and present troubles with sleeping, irritability,

and concentration to which separate or all together causes significant impaired

social , occupational and other areas in/of functions of life. Plaintiff Eileen Gauthier

has been suffering the above for years and has been diagnosed with PTSD. Plaintiff

Eileen Gauthier as a proximate and or direct result suffered (s) severe humiliation,

mental anguish, emotional and physical distress and has been injured in mind and

body and will suffer in the future. Plaintiff Eileen Gauthier has lost her trust

towards others, is fearful to go outside alone for any length of time; has depressive

days and has lost her enjoyment for life; has been unable to work and has lost her

future plans for job creation at her home, moving to this home months prior to the

sexual assault and other crimes committed upon herself and her dreams for the future.

Plaintiff has not been able to care for her home and feels unsafe at her home.

59 WHEREFORE PLAINTIFFS BRIAN AND EILEEN GAUTHIER demands judge-
    ment for:

    a. Doctors bills, medical bills, travel, medicines, future medical costs, lost wages
    past present future, loss of earning capacity, increased cost of living, pain and

suffering, disability, loss of enjoyment of life, physical injury, PTSD, emotional

damages, anxiety, sorrow, humiliation, anger, loss of trusts, fears, frustrations,

loss of activities, loss of love and affections, travel costs for police and US Embassy

non actions, acts, ommissions, intimidations after the crimes, private investigator

costs for Plaintiff Eileen Gauthier, etc. Amount to be added to this Complaint and/or

by amendment against the Defendants together with such other and further relief as

the Court may deem reasonable and just.

COUNT III NEGLIGENT HIRING AND RETENTION AGAINST DEFENDANT
PCL CONSTRUCTION SERVICES INC.

60. Plaintiffs realleges preceding paragraphs.

61. Defendants PCL Construction Services Inc. hired Does 1 through 4 to perform
    services in the Bahamas.

62. Defendant PCL Construction Services Inc. knew or should have known that Does
    1-4 were criminals with a propensity for violence and or sexual assault.

63. Defendant PCL Construction Services Inc. owed a general duty to the public,
    including Plaintiffs herein, to protect it/them from dangerous employees.

64. Defendant PCL Construction Services Inc breached said duty by failing to take
    further action, specifically failing to investigate, discharge or reassign said
    Does 1-4.

65. Defendants PCL Construction Services Inc breach was the proximate cuase of the
    injuries to Plaintiff Eileen Gauthier as Does 1-4 assaulted her while

17

employed with PCL Construction Services Inc's causing her damages.

COUNT IV-NEGLIGENT HIRING/NEGLIGENT RETENTION AGINST

DEFENDANT INTERCONTINENTAL HOTELS CORP.

66. Plaintiffs reallege preceding paragraphs.

67. Defendants Intercontinental Hotels Corp hired Does 5-8 were criminals with either a
propensity for sexual assault, violence, and or drug violations, etc.

68. Defendant Intercontinental Hotels Corp owed a general duty to the public, including
Plaintiffs herein to protect it from dangerous employees.

69. Defendant Intercontinental Hotels Corp breached said duty by failing to take further
action, specifically failing to investigate, discharge or reassign said Does 5-8.

70. Defendant Intercontinental Hotels Corps breach was the proximate cause of the
injuries to Plaintiffs as Does 5-8 causing Plaintiffs damages.

71. COUNTS I AND II FOR ALL DEFENDANTS LISTED IN COMPLAINT

COUNT V LOSS OF CONSORTIUM CLAIM BY PLAINTIFF BRIAN GAUTHIER

AGAINST ALL DEFENDANTS

72. Plaintiff Brian Gauthier realleges preceeding paragraphs.

73. As a direct and proximate result of the negligence of Defendants and the resulting
injuried to the spouse, Plaintiff Brian Gauthier was caused to suffer an impairment
of the services, companionship and consrotium of the spouse and will suffer such
lossed in the future.

WHEREFORE, PLAINTIFFS BRIAN AND EILEEN GAUTHIER, demands

18

judgement for damages against Defendants United States of American, Intercontinental

Hotels Corp., World Wide Travel Exchange d/b/a Travelscape d/b/a Expedia (Inc) and

Does 1-10 and other such relief deemed proper by the Court. Plaintiffs also demand a

and reserve the right to a jury trial on all issues so triable. Plaintiff Eileen Gauthier

requests that this District Court of the Commonwealth of Massachusetts as a national

and international immediate need of all future persons of our state or any other state in

the United States of America make precedence and declare that any persons reporting

criminal events to the police in our nation or at the US Embassy abroad have their rights

upheld as to immediate reporting  to the local police where criminal actions take

place so that no other victims of crimes will have to be damaged as Plaintiff Eileen

Gauthier has been.

### Does 1- 10

All persons and or particpants not listed in the above Complaint is either not known or

names are known but without proper addresses due to the circumstances listed above

in 1 -73, Plaintiffs seek help as stated and have requested this for a long time.

Respectfully submitted this 28th day of June 2010.

Brian Gauthier pro se

Eileen Gauthier pro se
36 West Street
Petersham, MA. 01366
978-724-0271 tel
978-630-8600 fax
briangauthier11@yahoo.com